UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:14-cv-00948-JHM**

**NICOLE MYERS**                                                                                          **PLAINTIFF**

**V.**

**ANTHEM LIFE INSURANCE COMPANY**                                            **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant's Motion to Dismiss [DN20]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendant's Motion is **GRANTED**.

**I. BACKGROUND**

On December 18, 2014, Plaintiff Nicole Meyers filed a complaint against Defendant Anthem Life Insurance Company alleging a breach of contract claim resulting from a denial of long-term disability benefits. (Compl. [DN 1] ¶¶ 14–17.) For all times relevant herein, Plaintiff was and still "is insured under a long-term disability life insurance policy" that was "underwritten, issued, and administered by [Defendant]." (<u>Id.</u> ¶ 8.) In May 2012, Plaintiff discontinued her employment due to her "disabling conditions" and "corresponding treatment regimen." (<u>Id.</u> ¶ 9.) Without specifying the nature or extent of her injuries or treatment, Plaintiff states that she has "remained continuously disabled and unable to function on a full time basis in her prior job" or in any other "gainful employment." (<u>Id.</u>)

Because of her condition, Plaintiff submitted a claim to Defendant requesting disability insurance benefits. (<u>Id.</u> at ¶10.) Defendant denied this claim, despite Plaintiff providing evidence "demonstrating [that] she was unable to return to her job because of the resulting limitations from her disabling condition" and "the adverse side effects of her prescription

medication." (Id.) Following the denial, Plaintiff appealed the decision, which Defendant rejected. (Id.) Having "exhausted her administrative remedies" and because she "continues to meet the requirements of the [long-term] disability insurance policy necessary to continue receiving monthly benefits," Plaintiff filed this Complaint for breach of the policy under the Employee Retirement Income Security Act ("ERISA"), specifically 29 U.S.C. §1132, seeking legal and equitable relief. (Id. ¶¶ 1, 4, 12–13). Plaintiff identified the enforcement mechanisms under ERISA as 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3). (Id. ¶ 17.)

On August 4, 2015, Defendant filed a Motion to Dismiss Plaintiff's request for equitable relief under 29 U.S.C. § 1132(a)(3). Defendant alleges that Plaintiff's § 1132(a)(3) claim is not viable as a matter of law because Plaintiff has not alleged a separate injury for which relief under § 1132(a)(3) may be granted or an injury that cannot be adequately remedied under § 1132(a)(1)(B). (Def.'s Mot. Dismiss [DN 20] at 1–3, 5.) Instead, Defendant argues Plaintiff has suffered only one injury, the denial of benefits, for which relief is exclusively provided under § 1132(a)(1)(B). (Id. at 3.)

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Plaintiff here seeks relief under 29 U.S.C. § 1132(a)(1)(B) and § 1132(a)(3) for past unpaid benefits and equitable relief, respectively. The former, § 1132(a)(1)(B), permits a plan participant to bring a civil suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The latter, § 1132(a)(3), provides that a participant may bring a private civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Claims under § 1132(a)(3) generally arise due to a breach of fiduciary duty by an ERISA plan administrator, and equitable relief thereunder can come in many forms, including surcharge. CIGNA Corp. v. Amara, 131 S. Ct. 1866, 1881 (2011). This means that a surcharge remedy can "extend[] to a breach of trust committed by a fiduciary" arising from "any violation of a duty imposed upon that fiduciary." Id.

Supreme Court precedent has long held that § 1132(a)(3) functions "as a safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy," so "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief," as it "would not be appropriate." Varity Corp. v. Howe, 516 U.S. 489, 513, 515 (1996). In other words, an equitable relief "claim under [§] 1132(a)(3) is precluded where the claim is premised upon the same conduct or requests the same relief as a claim for a denial of benefits under [§] 1132(a)(1)(B)." Hackney v. Lincoln Nat'l Life Ins. Co., No. 3:11-CV-00268-TBR, 2014 WL 3940123, at *3 (W.D. Ky. Aug. 12, 2014) (interpreting Howe, 516 U.S. at 512–15). Consequently, if both claims share the same factual basis, they only truly constitute one injury, and therefore they only deserve one remedy. See id.

More recently, the Sixth Circuit has clarified that plaintiffs *may* bring one action under both provisions when § 1132(a)(1)(B) will not provide full relief, focusing more on the adequacy of relief rather than the defendant's wrongdoing. Rochow v. Life Ins. Co. of N. Am., 780 F.3d 364, 372 (6th Cir. 2015); see also Gore v. El Paso Energy Corp. Long Term Disability Plan, 477 F.3d 833, 841–42 (6th Cir. 2007); Belluardo v. Cox Enters, Inc., 157 F. App'x 823, 829 (6th Cir. 2005); Hill v. Blue Cross & Blue Shield of Michigan, 409 F.3d 710, 717–18 (6th Cir. 2005). However, the Sixth Circuit has placed limits on actions seeking redress under both sections. While "[a] claimant can pursue a breach-of-fiduciary-duty claim under [§ 1132(a)(3)], irrespective of the degree of success obtained on a claim for recovery of benefits under [§ 1132(a)(1)(B)]," he can only do so "where the [§ 1132(a)(3)] claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise shown to be inadequate." Rochow, 780 F.3d at 372. This means

4

that the § 1132(a)(3) claim for equitable relief must be "more than a repackaged denial of benefits claim" under § 1132(a)(1)(B), and must allege some separate or additional basis for relief needed to make the plaintiff whole. Gore, 477 F.3d at 837 (citing Gore v. El Paso Energy Corp. Long Term Disability Plan, No. 3:02-CV-1008, 2005 WL 2738918, at *7 (M.D. Tenn. Oct. 24, 2005) aff'd in part, rev'd in part, 477 F.3d 833 (6th Cir. 2007)). Overall, though "the exact contours under which 'make whole relief' is available is still an evolving area of law, it is clear that when it is available there are unique circumstances beyond just a denial of benefits." Hackney, 2014 WL 3940123, at *5.

In addressing the matter at hand, it is important to keep in mind the pleading standard for Rule 12(b)(6) motions to dismiss. Again, successful plaintiffs must plead "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Here, Plaintiff does not meet this standard. In order to successfully obtain equitable relief under § 1132(a)(3), a plaintiff must either have suffered an "injury separate and distinct from the denial of benefits" or "the remedy afforded by Congress under [§ 1132(a)(1)(B)] is otherwise . . . inadequate" to provide full relief. Rochow, 780 F.3d at 372. Because Plaintiff's Complaint lacks the necessary facts and allegations that should be included in a well-pled complaint under Fed. R. Civ. P. 8(a)(2), it is impossible for this Court to infer a "plausible claim for relief" under § 1132(a)(3). See Iqbal, 556 U.S. at 678–79. Plaintiff alleges no facts to suggest that Defendant breached its fiduciary duty under 1132(a)(3). Plaintiff does explain that she submitted a claim for long-term disability benefits to Defendant, and Defendant subsequently denied the claim and later appeal despite her continuing disability and adverse effects of her medication. But the Complaint is glaringly bereft of any reference to Defendant's breach of fiduciary duty or to any facts that could lead a reader to infer a breach of

5

fiduciary duty. The Court cannot draw a reasonable inference that Defendant is liable under a § 1132(a)(3) claim when the Plaintiff fails to allege the specific conduct that gives rise to such a claim. Plaintiff has not provided any facts, apart from those surrounding her denial of benefits claim under § 1132(a)(1)(B), for the Court to even guess what the § 1132(a)(3) claim for equitable relief might entail. As a result, Plaintiff's complaint does not meet the Iqbal standard, and Plaintiff's § 1132(a)(3) claim must be dismissed.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [DN 20] is **GRANTED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

October 21, 2015

cc: counsel of record